COMMONWEALTH vs. LUIS H. VELEZ.

Suffolk.   October 13, 1982. — January 14, 1983.

Present: HALE, C.J., GRANT, & SMITH, JJ.

*Evidence,* Polygraphic test.   *Constitutional Law,* Self-incrimination.

Inasmuch as a criminal defendant, by testifying at his trial, waived his
    constitutional privilege against self-incrimination as to "all facts rele-
    vant and material to the crime" with which he was charged, this privi-
    lege was not violated by permitting the prosecutor on cross-examina-
    tion to ask him whether he had taken a polygraph test prior to a test
    which he took with a court-approved examiner, where the defendant's
    affirmative answer, at the time it was elicited, was relevant on the
    issue of the defendant's amenability to the court-approved test and
    where, after the prosecutor withdrew his objection to testimony con-
    cerning the court-approved test, no motion was made to strike the
    answer.  [142-143]
There was no merit in a criminal defendant's contention that the judge at
    his trial had precluded him from using in evidence the results of a poly-
    graph test, where no ruling to that effect had been called for or made.
    [143]

INDICTMENTS found and returned in the Superior Court
Department on February 4, 1981.

The cases were tried before *Sullivan, J.*

*Robert I. Warner* for the defendant.

*Ellen Donahue,* Assistant District Attorney, for the Com-
monwealth.

HALE, C.J.   The defendant was found guilty on indict-
ments numbered 034015, 034016, 034017 and 034018 (the
latter two were for aggravated rape) and was sentenced to
identical terms of imprisonment on each indictment, to be
served concurrently.   The sole issue raised by the defendant
in this appeal is whether the trial judge committed reversi-
ble error by allowing the Commonwealth to question the
defendant in the presence of the jury as to whether he had

taken a non-court-ordered polygraph examination. A reci-
tation of the facts which could have been found by the jury
is unnecessary to our decision. We note, however, that the
case against the defendant was strong and that his defense
was that, although he had had consensual relations with the
victim on other occasions, he had not been in the victim's
apartment on the night in question.

Before requesting approval by the court to have a poly-
graph test taken by a court-approved examiner in the man-
ner contemplated by *Commonwealth* v. *Vitello,* 376 Mass.
426 (1978), and for the use of the results as indicated therein
(*id.* at 453-457), the defendant took a polygraph test, which
he passed. The admissibility of the court-approved test
which the defendant had taken and had also passed, partic-
ularly the effect on it of the defendant's having taken the
earlier test, was the subject of several lengthy conferences
between the judge and counsel. At one of these conferences,
the judge referred to the *Vitello* decision at 446 and 447 and
said that he was prepared to make all the preliminary find-
ings required of him for the admission of the testimony con-
cerning the court-approved polygraph examination "except
the amenability of the subject" and that he was concerned
whether the defendant was amenable because of his having
taken a prior test. This was one of the grounds on which
the prosecuting attorney based his objection to the admis-
sion in evidence of the results of the court-approved poly-
graph examination. Defense counsel observed, "I believe I
am precluded by the case law which you have read and ob-
viously digested, from bringing into evidence the results of
that test, the qualifications of the examiner, and so on, be-
cause it was not a court ordered test and it was not one
which was agreed to by the District Attorney. Therefore, I
am put, I would suggest, at a distinct disadvantage. If [the
prosecuting attorney] says, 'Did he take a prior test,' and
[the defendant] says, 'Yes,' and I am not able, under the
decisions, to present the fact that that test was given by a
qualified examiner and that he passed it. So, I would sug-
gest that the question, to the extent that the prior test goes to

amenability, it's a question that should be decided by the Court in a voir dire." The judge then indicated that, should he determine the defendant to be an amenable subject for a polygraph examination, the matter would then have to be presented to the jury for their review as the ultimate fact finders. Defense counsel expressed his agreement with that procedure in these words, "I agree with that, your Honor." The judge then stated, obviously with reference to the longer of the two statements by defense counsel quoted above, "I am not making a ruling at all until after the defendant takes the stand." From this point up to the time that the polygraph expert testified before the jury, the trial and the attendant conferences proceeded under the agreed procedure that the amenability question was in the first instance for the judge but ultimately for the jury.

Later in the trial the defendant testified in his own behalf, and at the conclusion of direct examination a bench conference was held at which the prosecuting attorney stated, "The question has been raised on previous bench conferences, regarding the issue of the defendant taking a prior lie detector test. And I would like to know at this time what the Court's ruling is in regard to admission." The judge replied, "I make my rulings on the questions asked. Preliminarily, it would appear to me to be relevant on the third issue. I haven't made a final decision, but it appears to me, as best I can figure out, that the jury has a right to review the same factors that I have."

The prosecuting attorney then undertook a fairly lengthy cross-examination of the defendant, at the conclusion of which he asked, "Prior to taking the test with [the court-approved examiner], you took a test with another examiner before you took a test with [the court-approved examiner], didn't you?" to which the defendant replied, "That's correct." The defendant's objection was made and overruled. Both counsel stated that they had no further questions, and the testimony of the defendant before the jury was concluded.

Subsequently there was voir dire testimony of the defendant and of the court-approved polygraph examiner which

concerned both polygraph examinations, after which the prosecuting attorney, apparently out of a desire not to give the defendant an issue on appeal, withdrew his objections to testimony of the polygraph examiner regarding the court-approved polygraph examination. This testimony was then given before the jury by the examiner. There was no motion to strike the defendant's testimony concerning the earlier polygraph examination when the issue of amenability was thus withdrawn by the prosecuting attorney, or at any time thereafter.

We dispose first of the defendant's claim that his rights under the Fifth Amendment to the United States Constitution were violated by allowing the prosecuting attorney to elicit from him on cross-examination that he had taken a prior polygraph examination. The defendant took the stand in his own defense and by so doing waived his Fifth Amendment privilege "on all facts relevant and material to the crime with which he is charged." *Jones* v. *Commonwealth*, 327 Mass. 491, 493 (1951). "And in such a case the defendant may be impeached and discredited like other witnesses." *Id.* at 494. *Commonwealth* v. *West*, 357 Mass. 245, 249 (1970). *Commonwealth* v. *Ciminera*, 11 Mass. App. Ct. 101, 104 (1981).

The evidence elicited was relevant to the question whether the defendant was amenable to testing by the polygraph method. See *Commonwealth* v. *Vitello*, 376 Mass. at 431-440, 447. In that case the Supreme Judicial Court concluded that reliability of polygraph results must first be resolved by the trial judge. The judge must be satisfied that the defendant was amenable to testing, as amenability is one of the factors to be considered by the judge in deciding the question of the reliability of the polygraph results. *Id.* at 447. See also *Commonwealth* v. *Graziano*, 371 Mass. 596 (1976). As the parties had agreed that should the judge find the test results reliable the jury were to have the final say with respect to it, it would have been appropriate to admit before the jury evidence of the prior test's result. Moreover, because of the parties' agreement, we are not called upon to

decide whether the humane practice (*Commonwealth* v. *Tavares*, 385 Mass. 140, 149-152 [1982]) adopted by them and the judge was a required procedure, and we do not.

The defendant's contention that he was precluded from bringing up the results of the prior test is without merit. The notion that he was so precluded was his alone. The judge made no ruling to that effect but twice stated that he would make no ruling until the defendant had taken the stand. When the testimony as to the prior test was admitted over his objection, it was open to the defendant to ask questions concerning the result of the test. He did not, and as no ruling by the judge was called for, none was made. There was no constitutional or other error.

*Judgments affirmed.*